MARC S. CWIK
Nevada Bar No. 006946
Marc.Cwik@lewisbrisbois.com
VIVIENNE RAKOWSKY
Nevada Bar No. 9160
VivienneRakowsky@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendant Lowe's Home Centers,*
*LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DENNIS SIETE, an individual, | CASE NO. 2:22-cv-00445-JCM-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER** |
| LOWE'S HOME CENTERS, LLC, a foreign limited-liability company; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATION I-X inclusive, | **[FOURTH REQUEST]** |
| Defendant. | |

Pursuant to LR IA 6-1, LR 7-1 and LR 26-3, Plaintiff Dennis Siete ("Plaintiff") and Defendant Lowe's Home Centers, LLC ("Lowe's) (collectively the "Parties"), through their respective counsel of record, stipulate to extend the dates set forth in the parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Third Request) [ECF No. 17] by one-hundred-twenty (120) days (hereinafter the "Stipulation"). This Stipulation is the Parties' fourth requested extension of dates. In support of this Stipulation, the parties state the following to demonstrate good cause exists to extend the dates set forth in the current Discovery Plan and Scheduling Order:

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A. **PROCEDURAL HISTORY.**

1.      Plaintiff Dennis Siete ("Plaintiff") filed his Complaint in the Clark County District Court, State of Nevada, on February 3, 2022.

2.      Lowe's filed its Answer to Plaintiff's Complaint on March 1, 2022.

3.      On March 10, 2022, Defendant Lowe's Home Centers, LLC ("Lowe's") timely filed a Notice of Removal to this Court [ECF No. 1].

4.      On April 8, 2022, the Parties filed a Joint Status Report Regarding Removal [ECF No. 6].

5.      On April 15, 2022, the Parties, through their respective counsel of record, attended the Early Case Conference.

6.      On May 6, 2022, the Parties submitted their Proposed Joint Discovery Plan and Scheduling Order [ECF No. 7].

7.      On May 10, 2022, this Court entered as an Order the Parties' Joint Discovery Plan and Scheduling Order [ECF No. 8].

8.      On August 30, 2022, this Court entered the Parties' Agreed Order of Protection [ECF No. 10].

9.      On October 13, 2022, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (First Request) [ECF No. 12].

10.     On October 14, 2022, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (First Request) [ECF No. 13].

11.     On   February 8, 2023, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (Second Request) [ECF No. 14].

12.     On   February 9, 2023, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Second Request) [ECF No. 15].

13.     On May 9, 2023, Lowe's filed a Notice of Association of Counsel, associating attorney Vivienne Rakowsky of Lewis Brisbois Bisgaard & Smith LLP as counsel of record for Lowe's, along with existing counsel of record Marc S. Cwik of Lewis Brisbois Bisgaard & Smith LLP, to assist with discovery needing to be completed, as discussed below.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14.     On May 12, 2023, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (Third Request) [ECF No. 17].

15.     On May 15, 2023, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Third Request) [ECF No. 18].

16.     On July 7, 2023, the Parties submitted their proposed Stipulation and Order to conduct a Rule 35 Examination of the Plaintiff [ECF No. 19].

16.     On July 11, 2023, the United States Magistrate signed a stipulation approving a Rule 35 Examination of Plaintiff [ECF No. 20].

17.     On July 24, 2023, the Rule 35 Examination of Plaintiff was held before Dr. Clive Segil in Las Vegas, Nevada.

18.     On August 23, 2023, Lowe's produced the Report of Dr. Clive Segil pertaining to the Rule 35 Examination of the Plaintiff.

**B.     SUMMARY OF DISCOVERY COMPLETED TO DATE AND MEET-AND-CONFER EFFORTS CONCERNING SAME**

1.     On April 28, 2022, Plaintiff served his Initial Disclosure Statement (pursuant to FRCP 26(a)(1)).

2.     On May 6, 2022, by agreement of the parties, Lowe's served its Initial Disclosures Pursuant to FRCP 26(a)(1).

3.     On May 10, 2022, Plaintiff served his First Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

4.     On May 20, 2022, Lowe's served its First Set of Interrogatories to Plaintiff.

5.     On May 20, 2022, Lowe's served its First Set of Requests for Production to Plaintiff.

6.     On June 17, 2022, Plaintiff served his Answers to Lowe's First Set of Interrogatories.

7.     On June 17, 2022, Plaintiff served his Responses to Lowe's First Set of Requests for Production of Documents.

8.     On July 1, 2022, Plaintiff served his Second Supplemental Disclosure Statement



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(pursuant to FRCP 26(a)(1)).

9.  On July 22, 2022, counsel for Lowe's sent a meet-and-confer letter to counsel for Plaintiff to address certain responses of Plaintiff to Lowe's First Sets of Interrogatories and Requests for Production of Documents which counsel for Lowe's deemed to be deficient.

10. On August 2, 2022, the Parties' respective counsel attended a telephone conference to formally meet-and-confer concerning the issues raised in the July 22, 2022 letter.

11. On August 3, 2022, Lowe's counsel sent a letter to Plaintiff's counsel setting forth the agreements reached between the Parties for Plaintiff to supplement his answers/responses to Lowe's First Set of Interrogatories and Requests for Production of Documents.

12. On August 4, 2022, Plaintiff served his Third Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

13. On August 22, 2022, Plaintiff served his Fourth Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

14. On August 23, 2022, the Parties' respective counsel attended another telephone conference to formally meet-and-confer concerning the issues raised in the July 22, 2022 letter and issues which have arisen since the August 2, 2022 meet-and-confer conference.

15. On August 23, 2022, Plaintiff's counsel sent an email to Lowe's counsel memorializing the agreements reached during the meet-and-confer telephone conference of the same day.

16. On September 5, 2022, Plaintiff served his First Supplemental Answers to Lowe's First Set of Interrogatories.

17. On September 6, 2022 Plaintiff served his First Set of Requests for Production to Lowe's.

18. On September 6, 2022 Plaintiff served his First Set of Interrogatories to Lowe's.

19. On October 6, 2022, the Parties' respective counsel attended a telephone conference to formally meet-and-confer concerning Plaintiffs' First Supplemental Answers to Lowe's First Sets

1  of Interrogatories and Requests for Production of Documents.

2  20.   On October 6, 2022, Lowe's counsel sent an email to Plaintiff's counsel setting forth

3  the further agreement reached between the Parties to resolve outstanding issues concerning

4  Plaintiffs' answers/responses and supplemental answers/responses to Lowe's First Set of

5  Interrogatories and Requests for Production of Documents.  These pending discovery issues need to

6  be resolved before a decision can be made on whether Lowe will seek to schedule an independent

7  medical examination of the Plaintiff.

8  21.   On October 10, 2022, the Parties' respective counsel attended a telephone conference

9  to discuss additional discovery-related issues and general case planning, and to reach agreement

10  concerning expansion of the current scheduling order set forth in this Stipulation due to the issues

11  set forth above, as well as preexisting calendar commitments in other cases through the end of the

12  current discovery cut-off date.

13  22.   On October 12, 2022, Lowe's served a Notice of Deposition of Plaintiff, scheduled

14  for November 15, 2022.  Due to third-party delays in obtaining Plaintiff's outstanding medical

15  records and identified SSA records that are pertinent to Plaintiff's allegations, this deposition did

16  not move forward and will be rescheduled.

17  23.   On November 22, 2022, Lowe's served its First Supplement to FRCP 26 Disclosures.

18  24.   On December 6, 2022, Lowe's served its Response to Plaintiff's First Set of

19  Requestion for Production.

20  25.   On December 6, 2022, Lowe's served its Answers to Plaintiff's First Set of

21  Interrogatories.

22  26.   On December 19, 2022, counsel for Lowe's received a letter from its medical records

23  retrieval service (ABI Document Support Services) that Nevada Health Centers is the medical center

24  to tender a medical records request to obtain medical records from "Cambridge Family Health

25  Center," one of Plaintiff's disclosed medical providers.  Counsel promptly complied with this

26  request.

27  27.   On December 21, 2022, Plaintiff served his Fifth Supplemental Disclosure Statement

28  (pursuant to FRCP 26(a)(1)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28.     On January 4, 2023, counsel for Lowe's received a letter from Las Vegas Surgery Center, one of Plaintiff's disclosed medical providers, indicating it found no matching records. The Parties are evaluating if a different surgery center may have pertinent medical records.

29.     On January 12, 2023, Plaintiff served Notices of Taking Deposition of the following witnesses: Christine Batson; Craig Ogden; and Robert Boyd.

30.     On January 13, 2023, counsel for Lowe's received a letter from the Social Security Administration requesting that Lowe's request for SSA records of the Plaintiff be redirected to a different one of its offices located in Las Vegas, Nevada. Counsel for Lowe's promptly complied.

31.     On January 20, 2023, counsel for Lowe's sent a meet-and-confer letter to counsel for Plaintiff regarding Walgreen's and Banner Goldfield Medical Center's rejection of the initial HIPAA Releases provided by Plaintiff and requested new HIPAA Release be provided by Plaintiff which would comply with the requested information from these medical providers.

32.     On January 26, 2023, Lowe's served its Second Supplement to FRCP 16.1 Disclosures (pursuant to FRCP 26(a)(1)).

33.     On February 6, 2023, Lowe's served its Third Supplement to FRCP 16.1 Disclosures (pursuant to FRCP 26(a)(1)).

34.     On February 6, 2023, counsel for the Parties attended a meet-and-confer telephone conference to discuss ongoing joint efforts to complete the obtainment of Plaintiffs' remaining medical records and work through remaining third-party issues, and to work out the proposed dates in the present Stipulation being submitted to the Court.

35.     On February 6, 2023, counsel for Lowe's requested updated HIPAA authorizations for newly identified medical records of the Plaintiff.

36.     On February 7, 2023, Lowe's served its Third Supplement to FRCP 16.1 Disclosures (pursuant to FRCP 26(a)(1)).

37.     On February 8, 2023, counsel for Plaintiff followed up with counsel for Lowe's to request additional information for providing updated HIPAA authorizations.

38.     On February 8, 2023, Plaintiff served his Sixth Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

39.     On February 8, 2023, Plaintiff served his Designation of Expert Witnesses (pursuant to FRCP 26(a)(1)).

40.     On February 24, 2023, counsel for Plaintiff reached out to counsel for Lowe's to provide a status on efforts to provide additional HIPAA authorization, due to ongoing efforts to make contact with Plaintiff.

41.     On March 9, 2023, Plaintiff served his First Supplemental Designation of Expert Witnesses (pursuant to FRCP 26(a)(1)).

42.     On March 23, 2023, Plaintiff served his Seventh Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

43.     On March 2, 2023, counsel for Plaintiff served Notices to Vacate the witness depositions which he had set for March 2, 2023, due to calendar conflicts which developed for both sides of the case.

44.     On March 2, 2023, counsel for Plaintiff submitted updated HIPAA authorization to Lowe's medical records retrieval service to obtain Plaintiff's medical records from Walgreens Pharmacy and Banner Goldfield Medical Center (located in Arizona).

45.     On March 15. 2023, counsel for the parties met and conferred on continuing efforts to reschedule witness depositions.

46.     On March 21, 2023, counsel for Lowe's attempted to communicate with the Social Security Administration to resolve ongoing delays in its production of Plaintiff's disability records which had been requested.

47.     On April 6, 2023, Plaintiff served Amended Notices of Deposition for Lowe's witnesses Christine Batson, Robert Boyd, and Craig Ogden.  The depositions were noticed for May 26, 2023, 9:00 a.m., May 26, 2023, 1:00 p.m., and May 29, 2023, 9:00 a.m., respectively.  These depositions, however, will not be able to move forward as noticed, due to unexpected trial commitments of Plaintiff's counsel in another matter. Counsel for the parties are working to reschedule these depositions.

48.     On April 19, 2023, Plaintiff served his Eighth Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

49.     On April 27, 2023, counsel for Lowe's sent a letter to Plaintiff's counsel to request a HIPAA authorization for newly identified EMT records pertaining to Plaintiff.

50.     On May 2, 2023, counsel for Plaintiff provided HIPAA authorizations for the Las Vegas Fire Department and the Henderson Fire Department related to Plaintiff.

51.     On May 3, 2023, counsel for Lowe's received a letter from the Social Security Administration regarding some of Plaintiff's disability records which have now been made available for download pertaining to Plaintiff.   Counsel for the parties are conferring on efforts to obtain additional outstanding disability records of the Plaintiff from the Social Security Administration.

52.     On May 8, 2023, Plaintiff's counsel reached out to counsel for Lowe's to set a new schedule for witness depositions.

53.     On May 9, 2023, counsel for Lowe's reached out to Plaintiff's counsel to obtain an updated HIPAA authorization to obtain additionally identified medical records from one of Plaintiff's medical providers.

54.     On May 17, 2023, the City of Henderson provided an initial response to Lowe's request for EMT records.

55.     On May 23, 2023, Plaintiff served his Ninth Supplement to Rule 26 Disclosures.

56.     On May 23, 2023, Walgreens provided a response to Lowe's request for Plaintiff's pharmacy records.

57.     On or about May 23, 2023, Plaintiff's counsel vacated the depositions which had been set for late May 2023, due to calendar conflicts which arose due to the upcoming Memorial Day Holiday.

58.     On May 25, 2023, the Social Security Administration requested fees for production of documents requested pursuant to Plaintiff's Release of disability records.

59.     On June 6, 2023, Walgreens provided an additional response to Lowe's request for Plaintiff's pharmacy records.

60.     On July 7, 2023, counsel for the parties reached agreement for Plaintiff to undergo an Rule 35 Examination with Dr. Clive Segil in Las Vegas, Nevada on July 24, 2023.

61.     On July 11, 2023, the City of Henderson provided an additional response to Lowe's

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

request for EMT records.

62.     On June 26, 2023, Plaintiff sent Amended Notices for the depositions of Christine Batson, Robert Boyd, and Craig Ogden.  The depositions were noticed for November 2, 2023, 9:00 a.m., November 2, 2023, 1:00 p.m., and November 3, 2023, 9:00 a.m., respectively.

63.     On July 24, 2023, pursuant to a signed stipulation, Defendant's expert, Dr. Clive Segil performed a Rule 35 exam of Plaintiff.

64.     On July 26, 2023, Plaintiffs served their Tenth Supplemental Disclosures pursuant to FRCP 26(a)(1).

65.     On July 28, 2023, Lowe's received Plaintiff's available medical records from Banner Goldfield Medical Center (after multiple attempts to receive any such records).

66.     On August 1, 2023, Lowe's served their Fourth Supplemental Disclosures pursuant to FRCP 26(a)(1).

67.     On August 16, 2023, the City of North Las Vegas provided a response to Lowe's request for records pertaining to Plaintiff.

68.     On August 23, 2023, Lowe's served their Fifth Supplemental Disclosures containing the additional medical records pursuant to FRCP 26(a)(1) and report from the Rule 35 Examination performed by Dr. Clive Segil pursuant to Stipulation and Order signed by this Court. ECR No. 20.

69.     On August 23, 2023, Lowe's served their Initial Designation of Expert Witness pursuant to FRCP 26(a)(2).

70.     On September 8, 2023, after reviewing additional documents which had come in from Plaintiff's medical providers, counsel for Lowe's discovered additional and new medical providers of Plaintiff pertinent to evaluation of Plaintiff's claims and Lowe's defenses.  As a result, additional HIPAA releases were formally requested from Plaintiff's counsel pertaining to these additional, new medical providers.

71.     On September 12, 2023, Plaintiff provided additional authorizations pertaining to the newly identified medical providers of Plaintiff to enable Lowe's to obtain additional medical records regarding pre-existing injuries and treatments of the Plaintiff.

72.     On September 13, 2023, Plaintiff's counsel indicated to Lowe's counsel that Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

agrees to dismiss his wage loss/loss of earning capacity claims.  A stipulation to this effect is presently being prepared by the parties and will be submitted to the Court in the very near future to be entered as a formal Order.

73.    On September 22, 2023, Plaintiff served the following amended notices of depositions:  (1) Christine Batson for November 8, 2023; (2) Robert Boyd for November 8, 2023; and (3) Craig Ogden for November 9, 2023.

74.    Lowe's is in the process of serving an Amended Notice of Deposition of Plaintiff.

**C.    DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The following discovery remains to be completed in the present action:

1.    Deposition of the Plaintiff (in the process of being set, likely prior to the end of 2023,; the parties are currently awaiting production of key medical records concerning prior accidents and pre-existing injuries from East Valley Rheumatology and Osteoporosis, Phoenix Neurological & Pain Institute, Arizona Orthopedic, and Loyola University Medical Center).

2.    Depositions of Percipient Witnesses.

3.    Depositions of Lowe's employees (currently set prior to end of 2023, as noted above).

4.    Possible Disclosure of Additional Defense Expert Witness Disclosures (after completion of the depositions noted above).

6.    Rebuttal Expert Witness Disclosures.

7.    Expert Witness Depositions.

**D.    REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED**

As noted in the prior requests to enlarge the Discovery Plan and Scheduling Order [ECF No. 12, 14 and 17], the ongoing focus to date by the parties in this case has been completing discovery not just related to Plaintiff's alleged injuries and ongoing medical care, but to several prior injuries/accidents involving the Plaintiff which have been identified as discovery has been performed which naturally relate to Plaintiff's claims and Lowe's defenses.  Plaintiff has an extensive history of prior medical treatment and injuries which has required an extensive amount of time to evaluate, due to the slow pace of former medical providers in retrieving and producing

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

pertinent medical records (e.g., records located in other states). Many of the relevant medical records which have become the subject of discovery pre-date the date of the subject incident by several years and have required additional time to obtain, despite the best efforts of counsel to obtain them in a timely fashion. In many cases thus far, the parties have been able to obtain Plaintiff's older, relevant medical records. Lowe's is currently utilizing a medical record retrieval service in attempts to more rapidly obtain medical records. Moreover, counsel for the Parties have experienced delays from third-party sources in obtaining information requested in discovery, despite the best efforts of counsel to obtain them in a timely fashion. Furthermore, it took time for the parties to complete discovery for Plaintiff to evaluate and determine whether he planned to proceed with claims for loss of wages/loss of earning capacity and earning capacity. As noted above, the parties plan to submit an agreed-upon stipulation to dismiss Plaintiff's loss of wages and earning capacity claim in the very near future.

As noted in prior filings, there have also been availability issues of counsel for the Parties this year, due to commitments which occurred in other cases, and unexpected absences of staff members on both sides of the case. Counsel for both of the Parties have also dealt with personal matters outside of the office which has delayed further progress on discovery in this matter, including illness of family members or issues which arose with family members which have required time away from work. Counsel for Lowe's has also unfortunately been dealing with a lingering personal illness which began in October 2022, requiring ongoing medical assessment and care, which has taken time away from law practice, and which has not yet resolved. Because of the above issues and to help prevent any unnecessary delays in the prosecution of this case, counsel for Lowe's brought associate attorney Vivenne Rakowsky into the case to assist with further discovery (see ECF No. 16), which has helped to keep this case moving in a forward direction.

In light of all of the above, the Parties believe good cause exists for extending the dates set forth in the current Discovery Plan and Scheduling Order. Counsel for the Parties have diligently been working together to further this case along and have been able to avoid to date any discovery disputes which would require court involvement. Counsel for the parties have been in regular communication with each other regarding their continuing good-faith efforts to move discovery

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

forward.  The parties are also considering schedule within the next few months a private mediation in this matter.

**E**      <u>**PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**</u>

| EVENT | CURRENT DEADLINE (ECF No. 37) | PROPOSED NEW DATES (extended 120 days) |
|---|---|---|
| Amend Pleadings/Add Parties | (no change) | **(no change)** |
| Initial Expert Disclosures | October 9, 2023 | **February 6, 2024** |
| Rebuttal Expert Disclosures | November 9, 2023 | **March 8, 2024** |
| Close of Discovery | December 7, 2023 | **April 5, 2024** |
| Dispositive Motions | January 8. 2024 | **May 7 2024** |
| Pre-Trial Order | February 7, 2024 | **June 6, 2024** |

This fourth request for an extension of time is not sought for delay or any other improper purpose.  As the Court will note, as this case has progressed, the Parties have incrementally requested only 120 day extensions in good faith attempt to keep this case moving forward.  The Parties seek this extension to allow sufficient time to complete remaining discovery and to prepare their respective cases for trial, should private mediation not resolve this litigation.  The Parties stipulate and submit that the reasons set forth above constitute excusable neglect and/or good cause for the extension.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Accordingly, the Parties respectfully request that this Court extend the operative discovery plan and scheduling order by one-hundred twenty (120) days as indicated in the above table.

DATED this 6th day of October, 2023.

**THE POWELL LAW FIRM**

/s/   Ryan O'Malley
_____
Paul D. Powell, Esq.
Nevada State Bar No. 7488
Ryan T. O'Malley, Esq.
Nevada Bar No. 12461
Traysen N. Turner, Esq.
Nevada Bar No. 16017
Thomas W. Stewart, Esq.
Nevada State Bar No. 14280
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

DATED this 6th day of October, 2023.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/   Vivienne Rakowsky
_____
Marc S. Cwik, Esq.
Nevada Bar No. 006946
Vivienne Rakowsky
Nevada Bar No. 9160
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorney for Defendant Lowe's Home Centers, LLC*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____10-12-2023_____


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129475787.1                                      13                        Case No. 2:22-cv-00445-JCM-VCF