MARC S. CWIK
Nevada Bar No. 006946
Marc.Cwik@lewisbrisbois.com
VIVIENNE RAKOWSKY
Nevada Bar No. 9160
VivienneRakowsky@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendant Lowe's Home Centers,*
*LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

## ***

| | |
|---|---|
| DENNIS SIETE, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>LOWE'S HOME CENTERS, LLC, a foreign limited-liability company; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATION I-X inclusive,<br><br>          Defendant. | CASE NO. 2:22-cv-00445-JCM-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[FIFTH REQUEST]** |

Pursuant to LR IA 6-1, LR 7-1 and LR 26-3, Plaintiff Dennis Siete ("Plaintiff") and Defendant Lowe's Home Centers, LLC ("Lowe's) (collectively the "Parties"), through their respective counsel of record, stipulate to extend the dates set forth in the parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Fourth Request) [ECF No. 24] by ninety days (90) days (hereinafter the "Stipulation"). This Stipulation is the Parties' fifth requested extension of dates. In support of this Stipulation, the parties state the following to demonstrate good cause exists to extend the dates set forth in the current Discovery Plan and Scheduling Order:

///

///

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A. **PROCEDURAL HISTORY.**

1. Plaintiff Dennis Siete ("Plaintiff") filed his Complaint in the Clark County District Court, State of Nevada, on February 3, 2022.

2. Lowe's filed its Answer to Plaintiff's Complaint on March 1, 2022.

3. On March 10, 2022, Defendant Lowe's Home Centers, LLC ("Lowe's") timely filed a Notice of Removal to this Court [ECF No. 1].

4. On April 8, 2022, the Parties filed a Joint Status Report Regarding Removal [ECF No. 6].

5. On April 15, 2022, the Parties, through their respective counsel of record, attended the Early Case Conference.

6. On May 6, 2022, the Parties submitted their Proposed Joint Discovery Plan and Scheduling Order [ECF No. 7].

7. On May 10, 2022, this Court entered as an Order the Parties' Joint Discovery Plan and Scheduling Order [ECF No. 8].

8. On August 30, 2022, this Court entered the Parties' Agreed Order of Protection [ECF No. 10].

9. On October 13, 2022, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (First Request) [ECF No. 12].

10. On October 14, 2022, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (First Request) [ECF No. 13].

11. On  February 8, 2023, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (Second Request) [ECF No. 14].

12. On February 9, 2023, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Second Request) [ECF No. 15].

13. On May 9, 2023, Lowe's filed a Notice of Association of Counsel, associating attorney Vivienne Rakowsky of Lewis Brisbois Bisgaard & Smith LLP as counsel of record for Lowe's, along with existing counsel of record Marc S. Cwik of Lewis Brisbois Bisgaard & Smith LLP, to assist with discovery needing to be completed, as discussed below.

14.     On May 12, 2023, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (Third Request) [ECF No. 17].

15.     On May 15, 2023, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Third Request) [ECF No. 18].

16.     On July 7, 2023, the Parties submitted their proposed Stipulation and Order to conduct a Rule 35 Examination of the Plaintiff [ECF No. 19].

17.     On July 11, 2023, the United States Magistrate signed a stipulation approving a Rule 35 Examination of Plaintiff [ECF No. 20].

18.     On July 24, 2023, the Rule 35 Examination of Plaintiff was held before Dr. Clive Segil in Las Vegas, Nevada.

19.     On August 23, 2023, Lowe's produced the Report of Dr. Clive Segil pertaining to the Rule 35 Examination of the Plaintiff.

20.     On October 12, 2023, this Court entered as an Order the Parties' Stipulation and Order to Extend Discovery Plan and Scheduling Order (Fourth Request) [ECF No. 24].

21.     On October 23, 2023, this Court entered as an Order the Parties Stipulation and Order Dismissing Plaintiffs Loss of Earning Capacity and Lost Wages Claims with Prejudice.  [ECF No. 23]

22.      On January 12, 2024, the parties filed a Stipulation to Stay Discovery Pending Outcome of Scheduled Mediation. Pursuant to the Stipulation the remaining discovery dates were extended ninety days. [ECF No. 27].

23.     Following the full day mediation to took place on January 30, 2024, the Parties filed a Joint Status Report on February 6, 2024.  [ECF No. 28].

24.      On April 1, 2024, the Parties filed a Joint Status Report.  [ECF No.29].

**B.     SUMMARY OF DISCOVERY COMPLETED TO DATE AND MEET-AND-CONFER EFFORTS CONCERNING SAME**

1.     On April 28, 2022, Plaintiff served his Initial Disclosure Statement (pursuant to FRCP 26(a)(1)).

2.     On May 6, 2022, by agreement of the parties, Lowe's served its Initial Disclosures

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138520109.1                                    3                    Case No. 2:22-cv-00445-JCM-VCF

Pursuant to FRCP 26(a)(1).

3.     On May 10, 2022, Plaintiff served his First Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

4.     On May 20, 2022, Lowe's served its First Set of Interrogatories to Plaintiff.

5.     On May 20, 2022, Lowe's served its First Set of Requests for Production to Plaintiff.

6.     On June 17, 2022, Plaintiff served his Answers to Lowe's First Set of Interrogatories.

7.     On June 17, 2022, Plaintiff served his Responses to Lowe's First Set of Requests for Production of Documents.

8.     On July 1, 2022, Plaintiff served his Second Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

9.     On July 22, 2022, counsel for Lowe's sent a meet-and-confer letter to counsel for Plaintiff to address certain responses of Plaintiff to Lowe's First Sets of Interrogatories and Requests for Production of Documents which counsel for Lowe's deemed to be deficient.

10.    On August 2, 2022, the Parties' respective counsel attended a telephone conference to formally meet-and-confer concerning the issues raised in the July 22, 2022 letter.

11.    On August 3, 2022, Lowe's counsel sent a letter to Plaintiff's counsel setting forth the agreements reached between the Parties for Plaintiff to supplement his answers/responses to Lowe's First Set of Interrogatories and Requests for Production of Documents.

12.    On August 4, 2022, Plaintiff served his Third Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

13.    On August 22, 2022, Plaintiff served his Fourth Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

14.    On August 23, 2022, the Parties' respective counsel attended another telephone conference to formally meet-and-confer concerning the issues raised in the July 22, 2022 letter and issues which have arisen since the August 2, 2022 meet-and-confer conference.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

15.     On August 23, 2022, Plaintiff's counsel sent an email to Lowe's counsel memorializing the agreements reached during the meet-and-confer telephone conference of the same day.

16.     On September 5, 2022, Plaintiff served his First Supplemental Answers to Lowe's First Set of Interrogatories.

17.     On September 6, 2022 Plaintiff served his First Set of Requests for Production to Lowe's.

18.     On September 6, 2022 Plaintiff served his First Set of Interrogatories to Lowe's.

19.     On October 6, 2022, the Parties' respective counsel attended a telephone conference to formally meet-and-confer concerning Plaintiffs' First Supplemental Answers to Lowe's First Sets of Interrogatories and Requests for Production of Documents.

20.     On October 6, 2022, Lowe's counsel sent an email to Plaintiff's counsel setting forth the further agreement reached between the Parties to resolve outstanding issues concerning Plaintiffs' answers/responses and supplemental answers/responses to Lowe's First Set of Interrogatories and Requests for Production of Documents.  These pending discovery issues need to be resolved before a decision can be made on whether Lowe will seek to schedule an independent medical examination of the Plaintiff.

21.     On October 10, 2022, the Parties' respective counsel attended a telephone conference to discuss additional discovery-related issues and general case planning, and to reach agreement concerning expansion of the current scheduling order set forth in this Stipulation due to the issues set forth above, as well as preexisting calendar commitments in other cases through the end of the current discovery cut-off date.

22.     On October 12, 2022, Lowe's served a Notice of Deposition of Plaintiff, scheduled for November 15, 2022.  Due to third-party delays in obtaining Plaintiff's outstanding medical records and identified SSA records that are pertinent to Plaintiff's allegations, this deposition did not move forward and will be rescheduled.

23.     On November 22, 2022, Lowe's served its First Supplement to FRCP 26 Disclosures.

24.     On December 6, 2022, Lowe's served its Response to Plaintiff's First Set of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Requestion for Production.

25.     On December 6, 2022, Lowe's served its Answers to Plaintiff's First Set of Interrogatories.

26.     On December 19, 2022, counsel for Lowe's received a letter from its medical records retrieval service (ABI Document Support Services) that Nevada Health Centers is the medical center to tender a medical records request to obtain medical records from "Cambridge Family Health Center," one of Plaintiff's disclosed medical providers.   Counsel promptly complied with this request.

27.     On December 21, 2022, Plaintiff served his Fifth Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

28.     On January 4, 2023, counsel for Lowe's received a letter from Las Vegas Surgery Center, one of Plaintiff's disclosed medical providers, indicating it found no matching records.  The Parties are evaluating if a different surgery center may have pertinent medical records.

29.     On January 12, 2023, Plaintiff served Notices of Taking Deposition of the following witnesses:  Christine Batson; Craig Ogden; and Robert Boyd.

30.     On January 13, 2023, counsel for Lowe's received a letter from the Social Security Administration requesting that Lowe's request for SSA records of the Plaintiff be redirected to a different one of its offices located in Las Vegas, Nevada.  Counsel for Lowe's promptly complied.

31.     On January 20, 2023, counsel for Lowe's sent a meet-and-confer letter to counsel for Plaintiff regarding Walgreen's and Banner Goldfield Medical Center's rejection of the initial HIPAA Releases provided by Plaintiff and requested new HIPAA Release be provided by Plaintiff which would comply with the requested information from these medical providers.

32.     On January 26, 2023, Lowe's served its Second Supplement to FRCP 16.1 Disclosures (pursuant to FRCP 26(a)(1)).

33.     On February 6, 2023, Lowe's served its Third Supplement to FRCP 16.1 Disclosures (pursuant to FRCP 26(a)(1)).

34.     On February 6, 2023, counsel for the Parties attended a meet-and-confer telephone conference to discuss ongoing joint efforts to complete the obtainment of Plaintiffs' remaining

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   medical records and work through remaining third-party issues, and to work out the proposed dates

2   in the present Stipulation being submitted to the Court.

3         35.     On February 6, 2023, counsel for Lowe's requested updated HIPAA authorizations

4   for newly identified medical records of the Plaintiff.

5         36.     On February 8, 2023, counsel for Plaintiff followed up with counsel for Lowe's to

6   request additional information for providing updated HIPAA authorizations.

7         37.     On February 8, 2023, Plaintiff served his Sixth Supplemental Disclosure Statement

8   (pursuant to FRCP 26(a)(1)).

9         38.     On February 8, 2023, Plaintiff served his Designation of Expert Witnesses (pursuant

10  to FRCP 26(a)(1)).

11        39.     On February 24, 2023, counsel for Plaintiff reached out to counsel for Lowe's to

12  provide a status on efforts to provide additional HIPAA authorization, due to ongoing efforts to

13  make contact with Plaintiff.

14        40.     On March 2, 2023, counsel for Plaintiff served Notices to Vacate the witness

15  depositions which he had set for March 2, 2023, due to calendar conflicts which developed for both

16  sides of the case.

17        41.     On March 2, 2023, counsel for Plaintiff submitted updated HIPAA authorization to

18  Lowe's medical records retrieval service to obtain Plaintiff's medical records from Walgreens

19  Pharmacy and Banner Goldfield Medical Center (located in Arizona).

20        42.     On March 9, 2023, Plaintiff served his First Supplemental Designation of Expert

21  Witnesses (pursuant to FRCP 26(a)(1)).

22        43.     On March 15. 2023, counsel for the parties met and conferred on continuing efforts

23  to reschedule witness depositions.

24        44.     On March 21, 2023, counsel for Lowe's attempted to communicate with the Social

25  Security Administration to resolve ongoing delays in its production of Plaintiff's disability records

26  which had been requested.

27  ///

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138520109.1                                7                          Case No. 2:22-cv-00445-JCM-VCF

45. On March 23, 2023, Plaintiff served his Seventh Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

46. On April 6, 2023, Plaintiff served Amended Notices of Deposition for Lowe's witnesses Christine Batson, Robert Boyd, and Craig Ogden.  The depositions were noticed for May 26, 2023, 9:00 a.m., May 26, 2023, 1:00 p.m., and May 29, 2023, 9:00 a.m., respectively.  These depositions, however, will not be able to move forward as noticed, due to unexpected trial commitments of Plaintiff's counsel in another matter. Counsel for the parties are working to reschedule these depositions.

47. On April 19, 2023, Plaintiff served his Eighth Supplemental Disclosure Statement (pursuant to FRCP 26(a)(1)).

48. On April 27, 2023, counsel for Lowe's sent a letter to Plaintiff's counsel to request a HIPAA authorization for newly identified EMT records pertaining to Plaintiff.

49. On May 2, 2023, counsel for Plaintiff provided HIPAA authorizations for the Las Vegas Fire Department and the Henderson Fire Department related to Plaintiff.

50. On May 3, 2023, counsel for Lowe's received a letter from the Social Security Administration regarding some of Plaintiff's disability records which have now been made available for download pertaining to Plaintiff.   Counsel for the parties are conferring on efforts to obtain additional outstanding disability records of the Plaintiff from the Social Security Administration.

51. On May 8, 2023, Plaintiff's counsel reached out to counsel for Lowe's to set a new schedule for witness depositions.

52. On May 9, 2023, counsel for Lowe's reached out to Plaintiff's counsel to obtain an updated HIPAA authorization to obtain additionally identified medical records from one of Plaintiff's medical providers.

53. On May 17, 2023, the City of Henderson provided an initial response to Lowe's request for EMT records.

54. On May 23, 2023, Plaintiff served his Ninth Supplement to Rule 26 Disclosures.

55. On May 23, 2023, Walgreens provided a response to Lowe's request for Plaintiff's pharmacy records.

56.     On or about May 23, 2023, Plaintiff's counsel vacated the depositions which had been set for late May 2023, due to calendar conflicts which arose due to the upcoming Memorial Day Holiday.

57.     On May 25, 2023, the Social Security Administration requested fees for production of documents requested pursuant to Plaintiff's Release of disability records.

58.     On June 6, 2023, Walgreens provided an additional response to Lowe's request for Plaintiff's pharmacy records.

59.     On June 26, 2023, Plaintiff sent Amended Notices for the depositions of Christine Batson, Robert Boyd, and Craig Ogden.  The depositions were noticed for November 2, 2023, 9:00 a.m., November 2, 2023, 1:00 p.m., and November 3, 2023, 9:00 a.m., respectively.

60.     On July 7, 2023, counsel for the parties reached agreement for Plaintiff to undergo an Rule 35 Examination with Dr. Clive Segil in Las Vegas, Nevada on July 24, 2023.

61.     On July 11, 2023, the City of Henderson provided an additional response to Lowe's request for EMT records.

63.     On July 24, 2023, pursuant to a signed stipulation, Defendant's expert, Dr. Clive Segil performed a Rule 35 exam of Plaintiff.

64.     On July 26, 2023, Plaintiffs served their Tenth Supplemental Disclosures pursuant to FRCP 26(a)(1).

65.     On July 28, 2023, Lowe's received Plaintiff's available medical records from Banner Goldfield Medical Center (after multiple attempts to receive any such records).

66.     On August 1, 2023, Lowe's served their Fourth Supplemental Disclosures pursuant to FRCP 26(a)(1).

67.     On August 16, 2023, the City of North Las Vegas provided a response to Lowe's request for records pertaining to Plaintiff.

68.     On August 23, 2023, Lowe's served their Fifth Supplemental Disclosures  containing the additional medical records pursuant to FRCP 26(a)(1) and report from the Rule 35 Examination performed by Dr. Clive Segil pursuant to Stipulation and Order signed by this Court. [ECR No. 20]. ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138520109.1                                    9                        Case No. 2:22-cv-00445-JCM-VCF

69.     On August 23, 2023, Lowe's served their Initial Designation of Expert Witness pursuant to FRCP 26(a)(2).

70.     On September 8, 2023, after reviewing additional documents which had come in from Plaintiff's medical providers, counsel for Lowe's discovered additional and new medical providers of Plaintiff pertinent to evaluation of Plaintiff's claims and Lowe's defenses.  As a result, additional HIPAA releases were formally requested from Plaintiff's counsel pertaining to these additional, new medical providers.

71.     On September 12, 2023, Plaintiff provided additional authorizations pertaining to the newly identified medical providers of Plaintiff to enable Lowe's to obtain additional medical records regarding pre-existing injuries and treatments of the Plaintiff.

72.     On September 13, 2023, Plaintiff's counsel indicated to Lowe's counsel that Plaintiff agrees to dismiss his wage loss/loss of earning capacity claims.  The Order to dismiss the wage loss and loss of earning capacity claims was signed by the Court on October 23, 2023.

73.     On September 22, 2023, Plaintiff served the following amended notices of depositions: (1) Christine Batson for November 8, 2023; (2) Robert Boyd for November 8, 2023; and (3) Craig Ogden for November 9, 2023.

74.     On November 7, 2023, Lowe's served its Sixth Supplement to FRCP 16.1 Disclosures (pursuant to FRCP 26(a)(1)).

75.     On November 21, 2023, Lowe's took the deposition of Plaintiff, Dennis Siete.

76.     On December 21, 2023, the Parties reached an agreement to schedule a mediation conference in this matter with Floyd Hale, Esq. at JAMS in Las Vegas, Nevada.  Floyd Hale, Esq.'s soonest availability workable for the Parties' respective counsel in this matter is January 30, 2024.

77.     On January 16, 2024, the parties stipulated to Stay Proceedings Pending Mediation.

78.     A full day mediation conference was held at JAMS on January 30, 2024, beginning at 9:00 a.m.

79.     The Parties were not able to reach an agreement to settle this matter although each side put forth a good faith effort to resolve this matter.

///



80.     On March 9, 2024, the Lowe's served a subpoena on Plaintiff's friend and percipient witness, Joe Gaughan, for his deposition scheduled for March 28, 2024.

81.     On March 26, 2024, Lowe's sent out, for service of process, several subpoenas on newly identified past medical providers of Plaintiff.

82.     On March 28, 2024, Lowe's took the deposition of witness Joe Gaughan.

83.     On April 1, 2024, counsel for Lowe's commenced in writing additional meet-and-confer efforts with opposing counsel pertaining to outstanding medical records for newly-identified past medical providers of Plaintiff.

84.     On April 12, 2024, Plaintiff served their Second Supplemental Designation of Expert witnesses including a supplemental report by Plaintiff's expert Dr. Eli Fish dated April 8, 2024. .

85.     On April 15, 2024, Lowe's received medical records of Plaintiff from LVC Surgery Center via subpoena request.

86.     On April 19, 2024, Plaintiff served their Third Supplemental Designation of Expert witnesses including a supplemental medical Record Review report by Plaintiff's expert Dr. Eli Fish dated October 2, 2033.

87.     As of May 1, 2024 there are outstanding records which have been requested by Lowe's from Southwest Medical Clinic and Sunrise Hospital Medical Center.

88.     The Parties have been discussing continuing the mediation from January 30, 2024 with an additional half day mediation in an attempt to resolve this case. We have received available dates in July 2024 from Mediator Floyd Hale.

**C.      DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The following discovery remains to be completed in the present action:

1.      Depositions of additional Percipient Witnesses.

2.      Depositions of Lowe's employees (currently being re-noticed to mutually agreeable dates).

3.      Possible Disclosure of Additional Defense Expert Witness Disclosures (after completion of the depositions noted above).

4.      Rebuttal Expert Witness Disclosures.



5.       Expert Witness Depositions.

**D.       <u>REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED</u>**

As noted in the prior requests to enlarge the Discovery Plan and Scheduling Order [ECF No. 12, 14, 17 and 24], the ongoing focus to date by the parties in this case has been completing discovery not just related to Plaintiff's alleged injuries and ongoing medical care, but to several prior injuries/accidents involving the Plaintiff which have been identified as discovery has been performed which naturally relate to Plaintiff's claims and Lowe's defenses. Plaintiff has a very extensive history of prior medical treatment and injuries which has required an extensive amount of time to evaluate, due to the slow pace of former medical providers in retrieving and producing pertinent medical records (e.g., records located in other states).   Many of the relevant medical records which have become the subject of discovery pre-date the date of the subject incident by several years and have required additional time to obtain, despite the best efforts of counsel to obtain them in a timely fashion.   In many cases thus far, the parties have been able to obtain Plaintiff's older, relevant medical records. Additional medical providers were disclosed during Plaintiff's deposition, and Defendants have subpoenaed those records.  Lowe's is currently utilizing a medical record retrieval service in attempts to more rapidly obtain medical records.   Nevertheless, counsel for the Parties have experienced delays from third-party sources in obtaining information requested in discovery, despite the best efforts of counsel to obtain them in a timely fashion.   Furthermore, it took time for the parties to complete discovery for Plaintiff to evaluate and determine  not to proceed with claims for loss of wages/loss of earning capacity and earning capacity.

As noted in prior filings, there have also been availability issues of counsel for the Parties over the past 18 months, due to commitments which occurred in other cases, unexpected absences of staff members on both sides of the case, and personal illnesses or matters outside the office of counsel.  Counsel for both of the Parties have also dealt with personal matters outside of the office which has delayed further progress on discovery in this matter, including illness of family members or issues which arose with family members which have required time away from work.

Counsel have been working together over the last few weeks to address discovery needs of medical record of Plaintiff which have recently been identified.  Plaintiff's counsel is in the process

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

138520109.1                                    12                       Case No. 2:22-cv-00445-JCM-VCF

of providing additional HIPAA releases, which have been delayed due to recent unavailability of the Plaintiff.  Counsel have also been engaged in continuing settlement discussions since the parties attended a first session of mediation on January 30, 2024 before private mediator Floyd Hale at JAMS.  Counsel have made progress in settlement discussions and they will in all likelihood be scheduling a second session of mediation for the Parties with Mr. Hale in the near future.  Counsel are desirous to put case expenses toward additional mediation fees rather than expensive discovery expenses, such as completing expert witness discovery on both sides of this case, due to the progress which has been made in settlement discussions to date.

In light of all of the above, the Parties believe good cause exists for extending the dates set forth in the current Discovery Plan and Scheduling Order.  Counsel for the Parties reiterate that they have diligently been working together to further this case along and have been able to avoid to date any discovery disputes which would require court involvement.  Despite their inability to reach a settlement during a first session of mediation, counsel for the Parties are encouraged at this time of the possibility of this case resolving through focus on continued settlement discussions and mediation efforts and efforts to keep litigations down through a second session of mediation.  A second session of mediation will likely be scheduled for some time in early Summer.

**E      PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

| EVENT | CURRENT DEADLINE (ECF No. 28) | PROPOSED NEW DATES (extended 90 days) |
|---|---|---|
| Amend Pleadings/Add Parties | (no change) | **(no change)** |
| Initial Expert Disclosures | May 6, 2024 | **August 5, 2024** |
| Rebuttal Expert Disclosures | June 6, 2024 | **September 4, 2024** |
| Close of Discovery | July 5, 2024 | **October 3, 2024** |
| Dispositive Motions | August 5, 2024 | **November 4, 2024** |
| Pre-Trial Order | September 4, 2024 | **December 3, 2024** |

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   This fifth request for an extension of time is not sought for delay or any other improper

2   purpose.  As the Court will note, as this case has progressed, the Parties have incrementally

3   requested extensions in good faith attempt to keep this case moving forward.  The Parties believe

4   this ninety (90) day extension will allow sufficient time to complete remaining discovery and to

5   prepare their respective cases for trial, should the parties not be able to resolve this matter prior to

6

7   trial.  The Parties stipulate and submit that the reasons set forth above constitute excusable neglect

8   and/or good cause for the extension.

9   Accordingly, the Parties respectfully request that this Court extend the operative discovery

10   plan and scheduling order by ninety (90) days as indicated in the above table.

11   DATED this 2nd day of May, 2024.               DATED this 2nd day of May, 2024.

12   **THE POWELL LAW FIRM**                        **LEWIS BRISBOIS BISGAARD & SMITH
                                                    LLP**

13

14   /s/ *Traysen N. Turner*                        /s/ *Marc S. Cwik*

15

16   Paul D. Powell, Esq.                           Marc S. Cwik, Esq.
     Nevada State Bar No. 7488                      Nevada Bar No. 006946
     Ryan T. O'Malley, Esq.                         Vivienne Rakowsky

17   Nevada Bar No. 12461                           Nevada Bar No. 9160
     Traysen N. Turner, Esq.                        6385 S. Rainbow Boulevard, Suite 600

18   Nevada Bar No. 16017                           Las Vegas, Nevada 89118
     Thomas W. Stewart, Esq.                        *Attorney for Defendant Lowe's Home*

19   Nevada State Bar No. 14280                     *Centers, LLC*
     8918 Spanish Ridge Avenue, Suite 100

20   Las Vegas, Nevada 89148
     *Attorneys for Plaintiff*

21

22

23                                                  **ORDER**

24   **IT IS SO ORDERED.**

25

26

27   _____
     UNITED STATES MAGISTRATE JUDGE

28   Dated: _5/7/24_____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW