VIVIENNE RAKOWSKY
Nevada Bar No. 9160
VivienneRakowsky@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendant Lowe's Home Centers, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DENNIS SIETE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, LLC, a foreign limited-liability company; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATION I-X inclusive,<br><br>Defendant. | CASE NO. 2:22-cv-00445-JCM-MDC<br><br>**JOINT MOTION TO EXTEND DATE TO SUBMIT JOINT PRETRIAL ORDER UNTIL DECEMBER 17, 2024** |

The parties hereby submit the following Joint Motion to Extend the Date to submit the Joint Pretrial Order from December 3, 2024 until December 17, 2024. This Motion is made and all based upon all of the pleadings and papers on file herein and the attached Memorandum of Points and Authorities.

DATED this 27th day of November 2024.

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Vivienne Rakowsky
Vivienne Rakowsky, Esq.
Nevada Bar No. 9160
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, NV, 89118
*Attorneys for Defendant*
*LOWE'S HOME CENTERS LLC*

149347307.1

# **DECLARATION OF VIVIENNE RAKOWSKY, ESQ., IN SUPPORT OF THE JOINT MOTION TO EXTEND DATE TO SUBMIT PRETRIAL ORDER**

I, Vivienne Rakowsky, Esq., hereby declare under penalty of perjury as follows:

1. I am an attorney and duly licensed to practice law in the State of Nevada and in good standing, an associate with the law firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys of records for Defendant, Lowe's Home Center's LLC. I am personally familiar with the facts and circumstances surrounding this matter and am competent to testify hereto.

2. The Parties have agreed to continue the date to file the Pre-Trial Order in order to continue to engage in good faith discussions in attempt to settle this matter.

I declare under the penalty of perjury that the foregoing is true and correct.

DATED this  27th  day of November, 2024.

/s/Vivienne Rakowsky, Esq.

149347307.1                                2

# MEMORANDUM OF POINTS AND AUTHORITIES

## RECITALS

1.  Plaintiff Dennis Siete ("Plaintiff") filed his Complaint in the Clark County District Court, State of Nevada, on February 3, 2022.

2.  Lowe's filed its Answer to Plaintiff's Complaint on March 1, 2022.

3.  On March 10, 2022, Defendant Lowe's Home Centers, LLC ("Lowe's") timely filed a Notice of Removal to this Court [ECF No. 1].

4.  On April 8, 2022, the Parties filed a Joint Status Report Regarding Removal [ECF No. 6].

5.  On April 15, 2022, the Parties, through their respective counsel of record, attended the Early Case Conference.

6.  On April 28, 2022, Plaintiff served his Initial Disclosure Statement (pursuant to FRCP 26(a)(1)).

7.  On May 6, 2022, by agreement of the parties, Lowe's served its Initial Disclosures Pursuant to FRCP 26(a)(1).

8.  On May 6, 2022, the Parties submitted their Proposed Joint Discovery Plan and Scheduling Order [ECF No. 7].

9.  The Parties have served and received responses to written discovery.

10. On October 13, 2022, the Parties submitted their [proposed] Stipulation and Order to Extend Discovery Plan and Scheduling Order (First Request) [ECF No. 12] which was signed by the Magistrate on October 14, 2023 [ECF No. 13].

11. On July 7, 2023, the Parties submitted their proposed Stipulation and Order to conduct a Rule 35 Examination of the Plaintiff [ECF No. 19] which was signed by the Magistrate on July 11. 2023 [ECF No. 20].

12. On July 24, 2023, Dr. Clive Segil performed the Rule 35 Examination of Plaintiff in Las Vegas, Nevada and on August 23, 2023, Lowe's produced the Report of the Rule 35 Examination of the Plaintiff.

13. Over the course of discovery both sides have cooperated and served numerous supplemental disclosures as well as expert disclosures.

14. On November 21, 2023 Lowe's took the deposition of Plaintiff, Dennis Siete.

15. On December 21, 2023, the Parties reached an agreement to schedule a mediation conference in this matter with Floyd Hale, Esq. at JAMS in Las Vegas, Nevada. Floyd Hale, Esq.'s soonest availability workable for the Parties' respective counsel in this matter is January 30, 2024.

16. A mediation was held at JAMS on January 30th , beginning at 9:00 a.m.

17. The Parties were not able to reach a settlement at mediation.

18. Over the course of this litigation, this Court has graciously extended discovery dates several times, and on May 7, 2024, this Court granted the parties Fifth Motion to Extend the discovery plan ECF No 31.

19. This Court granted Plaintiff's counsel's Motion to Withdraw on July 15, 2024, and specifically Ordered that "[p]laintiff shall be responsible for following all discovery deadlines and other case-related deadlines and may seek extensions of necessary," ECF No 38.

20. Discovery closed on October 3, 2024.

21. The final date for Dispositive Motions was November 4, 2024.

22. Defendant Lowe's filed a Motion for Summary Judgment on November 4, 2024. ECF No. 41.

23. Throughout this time, the Parties have had several informal discussions in an attempt to resolve this case.

24. The Joint Pre-Trial Order is due on December 3, 2024.

**THE DATE TO FILE THE PRE-TRIAL ORDER SHOULD BE EXTENDED**

This is the parties sixth request for an extension of time. Discovery should be extended consistent with the statements above. EDCR 2.35 provides that:

> Stipulation or motions to extend any date set by the discovery scheduling order must be in writing and supported by a showing of good cause for the extension and be filed no later than 21 days before the discovery cut-off date or any extension thereof. A request made beyond the period specified above shall not be granted unless the moving party, attorney or other person demonstrates that the failure to act was the result of excusable neglect.



149347307.1                                                  4

Although discovery has already closed in this matter, there exists both good cause and excusable neglect for the Parties filing this joint motion past the 21-day requirement.

A showing of excusable neglect when requesting an extension of time is an elastic concept. *Briones v. Riviera Hotel & Casino,* 116, F.3d 379, 381 ( 9th Cir. 1997). NRCP Rule 6, which provides for extension of time, is to be construed for the purpose of hearing cases on the merits. *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir 2010). The deadline for filing a Joint Pre-Trial Order is presently December 3, 2024. Although it is less than 21 days prior to the date to file the Pre-Trial Order, the deadline for filing the Pre-Trial Order has not passed as of the day of filing this Motion. The *Ahanchian* court found that "extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id. (internal quotations omitted) citing party."* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004).

Here, there is no bad faith on the part of either party. The Parties are requesting a very short extension of time(two weeks) to file its Joint Pretrial Order. Plaintiff is a pro se Plaintiff and has been working through a number of personal issues. The requirement for a Joint Pre-trial Order is taking longer than anticipated due to the amount of potential evidence that both sides have disclosed over the course of this litigation as the difficulties encountered when working with an unrepresented party to prepare a "joint" document. In addition, the parties have engaged in some informal settlement discussions and would like to continue those discussions in an attempt to bring finality to this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



# CONCLUSION

Based upon the above recitals and summary of the case status, and good cause existing, the Parties hereby respectfully request this Court's approval of a two (2) week continuance for filing the Pre-Trial Order. The request is in the interests of judicial economy, to allay litigation expenses and costs, and to allow the Parties to focus their efforts attempting to resolve this case.

| EVENT | CURRENT DEADLINE (ECF No. 37) | PROPOSED NEW DATE |
|---|---|---|
| Pre-Trial Order | December 3, 2024 | **December 17, 2024** |

DATED this 27th day of November, 2024.

**DENNIS SIETE**

/s/ Dennis Siete

818 Flamingo Road #533
Las Vegas, NV 89119
*Plaintiff, In Proper Person*
djsiete@yahoo.com

DATED this 27th day of November, 2024.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Vivienne Rakowsky

Vivienne Rakowsky
Nevada Bar No. 9160
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorney for Defendant Lowe's Home Centers, LLC*

# ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: 12-2-24

149347307.1

6