UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Dennis Siete, | Case No. 2:22-cv-00445-CDS-MDC |
| Plaintiff | Order Dismissing Action without Prejudice for Failure to Prosecute and Obey Court Orders, and Denying as Moot Defendant's Motion for Summary Judgment |
| v. | |
| Lowe's Home Centers LLC, | |
| Defendant | [ECF No. 41] |

Plaintiff Dennis Siete originally filed this action in the Eighth Judicial District Court, claiming that he sustained injuries to his head at a Lowe's store. Compl., ECF No. 1 at 6–9. The complaint alleges negligence against defendant Lowe's Home Center LLC, who removed the action to this court on the basis of diversity. Removal notice, ECF No. 1 at 1–3. Lowe's filed a motion for summary judgment arguing that Siete fails to provide any evidence demonstrating that Lowe's acted, or failed to act, in any way that fell below the standard of care thus Siete's negligence claim fails. Mot. for summ. j., ECF No. 41. Any opposition to that motion was due November 25, 2024. *See id.*; *see also* Local Rule 7-2(b) ("The deadline to file and serve any points and authorities in response to a motion for summary judgment is 21 days after service of the motion."). Two days after the November 25, 2024 deadline, Siete filed an untimely "response" to the summary judgment motion, but it was in fact a request for additional time to respond to the motion. Resp., ECF Nos. 43. Lowe's filed a reply asserting that because Siete failed to show good cause or excusable neglect, there is no basis to allow additional time to respond. Reply, ECF No. 47. Five days later, Siete filed another "response" to the summary judgment motion, but that too was a request for additional time to respond to the motion. Resp., ECF No. 48.

On May 14, 2025, given Siete's pro se status, I granted his request for an extension of time, and ordered Siete to file any opposition to the motion by June 4, 2025. Order, ECF No. 52. Siete was warned that failure to file an opposition to the summary judgment motion, or a notice

of intent, would result in dismissal of this action without prejudice and without further warning. *Id.* at 2. To date, Siete has not submitted any response to Lowe's motion for summary judgment and has not otherwise communicated with the court.

I.  Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Siete's claims. This action has been pending for over three years, and Siete's response or opposition to Lowe's motion for summary judgment is long overdue. Siete has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to the summary judgment motion, despite being provided several opportunities to do so. Siete's failure to properly respond has delayed the resolution of this case, and the court cannot effectively manage its docket if a plaintiff ceases to litigate the case. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal.").

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Siete's inaction amounts to an unreasonable delay in prosecuting this action. Because public policy favors disposition on the merits, the fourth factor always weighs against dismissal—but it is greatly outweighed by the factors favoring dismissal.

Finally, the fifth factor requires me to consider less drastic alternatives, but at this stage, lesser sanctions are unavailable. Although Siete is representing himself, he is expected to "abide by the rules of the court in which he litigates," *Carter v. Comm'r*, 784 F.2d 1006, 1007 (9th Cir. 1986), and all litigants, including those who are pro se, are obligated to comply with court orders. Issuing another order will only delay the inevitable because Siete ignored previous orders. Moreover, this litigation cannot move forward without Siete's participation, and he was provided adequate warning that dismissal would result from his failure to comply with the court's orders. Given that Siete is no longer participating in this action, the court cannot afford to expend resources resolving an unopposed dispositive motion in a case which the plaintiff is no longer prosecuting. Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal.

## II. Conclusion

IT IS HEREBY ORDERED that this action is dismissed without prejudice based on Siete's failure to file a response to Lowe's motion for summary judgment in compliance with the court's order; therefore Lowe's Home Center's motion for summary judgement **[ECF No. 41] is DENIED as moot**. The Clerk of Court if kindly instructed to enter judgment accordingly, and to close this case.

Dated: June 16, 2025

_____
Cristina D. Silva
United States District Judge